IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STANLEY TURNER NORTON                                                PETITIONER
ADC #99798

V.                    NO. 5:12cv00067 BSM-JTR

RAY HOBBS, Director,                                                 RESPONDENT
Arkansas Department of Correction

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

# **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Stanley Turner Norton, an Arkansas Department of Correction (ADC) inmate. (Docket entry #1.) Respondent has filed a Motion to Dismiss the Petition as

an unauthorized second or successive application under 28 U.S.C. § 2244(b)(3)(A). (Docket entry #8.)

On December 11, 1996, Petitioner entered a guilty plea to residential burglary, attempted first-degree murder, and rape in Jefferson County Circuit Court. He received an aggregate sentence of 480 months in the ADC, to run consecutive to a previously imposed 264-month sentence in another criminal case. (Docket entry #8-2, at 1-3, 7-9.)

In March 2009, Petitioner filed a § 2254 habeas Petition challenging his December 1996 convictions.[1]  *Norton v. Norris*, E.D. Ark. No. 5:09-cv-00078-BSM (docket entry #8-3). In his Petition, he alleged that:

> (1) His lawyer coerced him into pleading guilty;
>
> (2) His lawyer provided ineffective assistance;
>
> (3) He was denied his right to a fair trial because the prosecution failed to obtain a rape kit from the victim;
>
> (4) He was denied his right to a fair trial because he did not enter a guilty plea, but instead pleaded "nolo contendere," to rape and attempted first-degree murder, and he pleaded guilty to attempted residential burglary, not residential burglary; and
>
> (5) He was denied his right to counsel in the various appeals he lodged in the Arkansas Supreme Court.

---

[1]The March 2009 Petition also challenged Petitioner's earlier convictions, for which he had received the 264-month sentence. In his current action, he challenges only the December 1996 sentences. (Docket entry #1, at 1.)

On May 11, 2011, United States District Judge Brian S. Miller entered an Order dismissing the § 2254 Petition, with prejudice, on the ground it was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Docket entries #8-4, #8-5.) Petitioner appealed, and the Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *Norton v. Norris*, No. 11-2256 (8th Cir. July 7, 2011) (docket entries #8-6, #8-7).

On February 14, 2012, Petitioner initiated this § 2254 habeas action, asserting the following claims:

> (1) He has been denied due process and equal protection of the laws, because Arkansas's "70% law" has been used to determine his "transfer eligibility date";[2]
>
> (2) He has been subjected to an *ex post facto* violation because the Arkansas Sentencing Commission and the ADC have used invalid and inapplicable laws to determine his transfer eligibility; and
>
> (3) He has been denied due process and equal protection of the laws, because transfer eligibility laws, in effect at the date of commission of the offenses, were not followed.

On August 30, 2012, this Court directed Petitioner to file a pleading which

---

[2]Under Arkansas law, a "transfer date" is the "earliest date on which an offender is eligible for transfer" from the ADC's traditional correctional facilities to community correction facilities, programming, and community supervision. Ark. Code Ann. § 16-93-1202(11) & (12)(A) (2012). Under Arkansas's so-called "70% law," any person convicted of certain Class Y felonies, including rape, is not eligible for parole or community punishment transfer until he has served 70% of his sentence. *Id.* § 16-93-611(a) (repealed by Acts of 2011, Act 570, § 96, eff. July 27, 2011).

identified: (1) the specific transfer eligibility date that he is challenging; and (2) the specific date that he was first notified by the ADC of that transfer eligibility date. (Docket entry #12.) The Court also directed Respondent to file a pleading, along with supporting documents, which established the date that the ADC first notified Petitioner of the challenged transfer eligibility date.

Petitioner did not respond to the Court's Order.

On September 20, 2012, Respondent filed his Response to the Court's Order. (Docket entry #13.) Respondent's attached documentation establishes that the ADC notified Petitioner of his transfer eligibility date, and the application of the 70% law in its determination, in August of 1998:

> (1) On August 20, 1998, Petitioner submitted a "Request for Interview" to "Mrs. Alexander," in the ADC Records Office. (Resp't Ex. 1 [docket entry #13-2].) The request stated, in part:
>
>> I [am] requesting to know if I'm under the 70 percent law, in which I should not be. I got lock[ed] up in Dec. 20, 1995, that's already 3 1/2 years, or 4 years. Right now my T.E. date is 2003, that's 5 more years. What I'm trying to say, I don't really understand what my time card is talking about.
>
> (2) On the same date, Petitioner submitted a "Request for Interview" to the unit warden stating, "... how can the ADC put me under the 70% Law, for one thing I was not sentenced under that Law[.]" (Id.)
>
> (3) On August 20, 1998, Ms. Alexander wrote the following memo to Petitioner:
>
>> This is in response to your request about your sentence/

> time. After an audit of your Institutional File it was found that you committed the offense of Rape on April 23, 1996. You were sentenced under Act 1326, 534, 989.
>
> <u>Act 1326</u> clearly states that any one who commits the following offense(s) <u>on or after July 28, 1995</u>, Murder (I or II), Kidnapping (Y or B felony), Aggravated Robbery, (Rape), Causing a Catastrophe, Terroristic Act (Class Y felony), must serve <u>70%</u> of his or her time (sentence) before being eligible for release.[3] You committed the crime of <u>Rape on April 23, 1996</u> and were sentenced to 480 months to Arkansas Department of Correction under Act(s) 1326, 535, 989. This sentence is running consecutive to the time you were sentence[d] for the offense of Battery-1st Degree in which you received 264 months. Attached is a copy of your ADC Time Card. Your time is correct as of this date of August 20, 1998.

(Resp't Ex. 2 [docket entry #13-3]) (emphasis in original).

## I. Discussion

A second or successive § 2254 habeas petition challenging the validity of a petitioner's *conviction* must be dismissed unless he can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

---

[3]Act of Apr. 14, 1995, No. 1326, 1995 Ark. Acts 1326, § 1.

consider the application."). Until an order of authorization is obtained from the Court of Appeals, the District Court has no jurisdiction to consider a successive petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

In some cases, a habeas petition challenging the *execution* of a sentence is not deemed to be "second or successive" even though it was filed *after* a habeas petition challenging the validity of the petitioner's conviction or sentence. *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001) (claim that petitioner had been improperly denied parole was not successive); *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001) (claims stemming from state's refusal to grant parole were not successive). However, in cases where the challenge to the execution of the sentence arose *before* the filing of the first habeas action, and thus could have been raised at that time, it is subject to the successive-petition provisions of § 2244(b). *Crouch*, 251 F.3d at 724.

Here, in August 1998, Petitioner clearly was placed on written notice of the application of the 70% law. Thus, he could have raised all of his current claims in his first habeas petition filed in March 2009. Accordingly, to proceed with a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). There is no evidence that Petitioner has sought or received permission from the Eighth Circuit to file a successive petition. Therefore, this Court is without jurisdiction to entertain his claims.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #8) be GRANTED, and that this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 19th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE